Marcus Antonio Frierson, # 247864,        ) C/A No.: 4:09-2710-DCN-TER
                                         )
                   Plaintiff,           )
                                         )
vs.                                    ) Report and Recommendation
                                       )
Officer Sowell,                   )
                                       )
                      Defendants.       )
_____ )

Plaintiff, a state prisoner, files this matter *pro se* against a sole defendant pursuant to 42 U.S.C. § 1983. According to the complaint, the defendant was disrespectful to the plaintiff, calling him and other inmates names, such as "punks" and "girls", which plaintiff maintains created a hostile environment on the wing where he is incarcerated. Plaintiff also alleges his character was degraded when the defendant directed racial slurs at him and other inmates. Plaintiff asks to be transferred from Perry and he seeks damages for "punitive, emotional, mental" distress claiming a violation of his 14th Amendment rights.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act.  The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); and *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).  *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980);

and *Cruz v. Beto*, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint the plaintiff's allegations are assumed to be true.  *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2nd Cir. 1975). However, even under this less stringent standard, the complaint submitted in the above-captioned case is subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *Weller v. Department of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

It is well settled that "the use of vile and abusive language is never a basis for a civil rights action."  *Sluys v. Gribetz*, 842 F. Supp. 764, 765 n. 1 (S.D.N.Y. 1994).  Hence, the use of a racial slur by the defendant, even if true, is not actionable under 42 U.S.C. § 1983.  *See also Batista v. Rodriguez*, 702 F.2d 393, 398 (2nd Cir. 1983); and *Malsh v. Austin*, 901 F. Supp. 757, 1995 U.S.Dist. LEXIS® 15414 (S.D.N.Y. 1995)("Verbal assault, standing alone, is not a judicially cognizable injury in a § 1983 civil rights action.").

Additionally, the plaintiff cannot recover damages for "punitive, emotional, mental" distress. Case law prior to the adoption of the Prison Litigation Reform Act had held that there is no federal constitutional right to be free from emotional distress, psychological stress, or mental anguish, and, hence, there is no liability under Section 1983 regarding such claims.  *See Grandstaff v. City of Borger*, 767 F.2d 161 (5th Cir. 1985).  *See also* the Prison Litigation Reform Act, which provides that physical injuries are a prerequisite for an award of damages for emotional distress under 42 U.S.C. § 1983.  *See Zehner v. Trigg*, 1997 WESTLAW® 16504 (S.D.Ind., January 15, 1997); and 42 U.S.C. § 1997e(e).

While the alleged statements may be morally, politically, and socially repugnant, mere threats or verbal abuse, without more, do not state a cognizable claim under § 1983. See *Northington v. Jackson*, 973F.2d 1518, 1524 (10th Cir. 1992) (*citing Collins v. Cundy*, 603 F.2d 825, 827 (10th

Cir. 1979)); see also *Carter v. Morris*, 164 F.3d215, 219 n.3 (4th Cir. 1999).

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*, *supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe*, 998 F.2d 201, 202-204 & n.* (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); *Boyce v. Alizaduh, supra; Todd v. Baskerville, supra*, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B); and 28 U.S.C. § 1915A [the court shall review, as soon as practicable after docketing, prisoner cases to determine whether they are subject to any grounds for dismissal].

It is further recommended that the dismissal of this case be deemed a **strike** pursuant to 28 U.S.C. § 1915(e)(2) and (g). These provisions require an inmate to pay the filing fee for his case in advance after he has had three cases "dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." *Id.* A complaint is frivolous "where it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). The undersigned concludes that this action is frivolous under 28 U.S.C. § 1915(e)(2) and (g) and should be deemed a **strike** under this statute.

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

November 16, 2009
Florence, South Carolina

*The plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).